IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRY JAMES BUCHANON II, AIS #224845, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. 3:20cv510-MHT-SMD ) (WO) |
| STATE OF ALABAMA, *et al.*, | ) ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on Terry James Buchanon II's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. For the reasons discussed below, the Magistrate Judge recommends that Buchanon's § 2254 petition be DENIED and that this case be DISMISSED with prejudice.

**I.    BACKGROUND**

On June 13, 2020, Buchanon, an Alabama inmate serving a 21-year sentence for first-degree robbery,[1] filed a *pro se* petition using the form for a petition for writ of habeas corpus under § 2254. Doc. 1. In his petition, Buchanon asserted claims that: (1) his Eighth Amendment rights were being violated because of overcrowded conditions and a lack of health and safety measures at the Elmore Correctional Facility during the Covid-19 pandemic; (2) the lack of a health-care unit at Elmore was jeopardizing his health; and (3) because of his health issues, he was eligible under the Alabama Community Punishment

---

[1] Buchanon was convicted in August 2002 in the Lee County Circuit Court.

and Corrections Act (ALA. CODE § 15-18-170 *et seq*.) for sentence modification and alternative punishment by placement in a community-based correctional program.[2] Doc. 1 at 5–8. Buchanon stated in his petition that he was seeking release from incarceration or the modification or suspension of his sentence, and, apparently, a change in his living conditions. Doc. 1 at 14.

In an order entered on July 24, 2020, this court found that "only [Buchanon's] claim that he is eligible under Alabama law for a sentence modification presents a ground for relief arguably available through a writ of habeas corpus under 28 U.S.C. § 2254, as such relief could affect the duration of his sentence." Doc. 4 at 2 (citing *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (challenges to the lawfulness of confinement under a state court judgment or the particulars affecting the duration of that confinement fall within the province of habeas corpus under 28 U.S.C. § 2254)). The court further found that "Buchanon's remaining claims concern prison conditions and are not properly pursued through a petition for writ of habeas corpus under 28 U.S.C. § 2254." Doc. 4 at 2. Accordingly, the court ordered Buchanon to file an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 clarifying his claim for sentence modification and setting

---

[2] Buchanon is no longer incarcerated at the Elmore Correctional Facility. He is currently incarcerated at the Limestone Correctional Facility.

out facts and argument about his eligibility under Alabama law for sentence modification. Doc. 4 at 2. The court further stated that the proper avenue for Buchanon to present his claims regarding the conditions of his confinement was through "a separate civil action under 42 U.S.C. § 1983." Doc. 4 at 2.

Buchanon failed to comply with the court's July 24, 2020 order directing him to file an amended § 2254 petition, and he filed nothing in response to the order. The court then ordered Respondents to file an answer addressing Buchanon's habeas-type claim in his original petition. Doc. 5. In compliance with that order, Respondents filed an answer arguing that: (1) Buchanon's petition is time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d); (2) Buchanon's claim for habeas relief is unexhausted and procedurally defaulted; and (3) Buchanon is excluded from eligibility for community confinement under the Alabama Community Punishment and Corrections Act because he was convicted of first-degree robbery. Doc. 19 at 3–6.

## II.   DISCUSSION

Buchanon contends he is eligible for placement in a community-based correctional program under the Alabama Community Punishment and Corrections Act, ALA. CODE § 15-18-170 et seq. Doc. 1 at 6–7.

The Alabama Community Punishment and Corrections Act of 1991 authorizes

Alabama counties to establish community corrections programs as alternatives to incarceration. *See* ALA. CODE §§ 15-18-172(a), 15-18-171(6). Under the Act, a sentencing court may, at the time of sentencing, sentence an eligible offender directly to an appropriate community-based program (*see* § 15-18-175(d)(1)), or an eligible inmate already incarcerated in a state facility may obtain approval from the Alabama Department of Corrections for participation in a community-based program, if authorization is obtained from the sentencing judge (*see* § 15-18-172(d)).

Here, if Buchanon argues that the sentencing court should have sentenced him to a community-based program at the time of his 2002 sentencing for his first-degree robbery conviction, his claim is time-barred under the one-year statute of limitations in 28 U.S.C. § 2244.[3] If his claim is that the Alabama Department of Corrections, more recently, should have approved his placement in a community-based program, there is no evidence that he

---

[3] Section 2244(d)(1) provides that a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court and that it runs from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date the on which constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

has sought or obtained the required approval from the Department or that his sentencing judge has authorized his placement in a community-based program. Thus, he doesn't appear to have exhausted his state remedies for such a claim. Most significantly, however, Buchanon is clearly not entitled to the relief he seeks. Under the Alabama Community Punishment and Corrections Act, individuals convicted of first-degree robbery, as Buchanon was in 2002, "are excluded from punishment in the community." *See* ALA. CODE § 15-18-175(b)(1) (excluding "[p]ersons who are convicted of offenses as listed in subdivision (14) of Section 15-18-171); § 15-18-171(14) (listing "[o]ne who is convicted of . . . robbery in the first degree" as an "[e]xcluded felony offender"). Thus, Alabama law plainly does not permit the sentence modification Buchanon seeks.[4]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Buchanon's § 2254 petition be DENIED and that this case be DISMISSED.

It is further

ORDERED that the parties shall file any objections to this Recommendation by

---

[4] Buchanon also fails to show he has a constitutional right to placement in a community-based program, or that any such right is created by state law, as placement in a community-based program appears discretionary under the language of the Alabama Community Punishment and Corrections Act. *See Conlogue v. Shinbaum*, 949 F.2d 378, 380–81 (11th Cir. 1991) (concerning Alabama's correctional incentive time statute). Buchanon's claim for habeas relief alleges "infringement of a legal interest which clearly does not exist." *See Robinson v. Deloach*, 2009 WL 1116838, at *5 (M.D. Ala. Apr. 24, 2009) (Alabama's correctional incentive time statute).

October 20, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 6th day of October, 2022.

                        /s/   Stephen M. Doyle
                        STEPHEN M. DOYLE
                        CHIEF U.S. MAGISTRATE JUDGE